IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEJANDRO VILLARREAL §<br>    TDCJ-CID #1083106 §<br> §<br>V. §   C.A. NO. C-04-501<br> §<br>DOUG DRETKE §| |

## MEMORANDUM AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for an extension to file a notice of appeal and motion for leave to appeal in forma pauperis. (D.E. 17, 19). For the reasons stated herein, it is respectfully recommended that both motions be denied.

## BACKGROUND

On October 6, 2004, petitioner filed a petition for writ of habeas corpus. (D.E. 1). That same day, he also filed an application to proceed in forma pauperis. (D.E. 2). On October 13, 2004, the Court granted the application to proceed in forma pauperis. (D.E. 5).

On January 27, 2005, respondent filed a motion for summary judgment. (D.E. 12). On March 3, 2005, petitioner filed a response to the motion for summary judgment. (D.E. 14). On March 15, 2005, the Court entered an order granting the motion for summary judgment. (D.E. 15). That same day, the Court also entered final judgment. (D.E. 16).

On June 1, 2005, petitioner filed a notice of appeal. (D.E. 18). Simultaneously, he filed a motion for an extension of time to file a notice of appeal. (D.E. 17). Moreover, he filed a motion for leave to appeal in forma pauperis. (D.E. 19).

In his motion for an extension, petitioner asserts that he does not know how to read or write

and was being assisted in asserting his habeas petition by another inmate. (D.E. 17, at 1). That inmate appears to have been unavailable to provide assistance for medical reasons between January and May 2005. Id. Petitioner asserts that he "just now found out that he had a time limit to file his notice of appeal through the offender who has been assisting him." Id.

## DISCUSSION

A.  Petitioner Is Barred From Filing An Extension Of Time To File A Notice Of Appeal

A civil litigant has 30 days from the date of the entry of the judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1); accord Mann v. Lynaugh, 840 F.2d 1194, 1196 (5th Cir. 1988). Here, the final judgment was filed on March 15, 2005 and entered on March 17, 2005. Thirty days from the latter date is Saturday, April 16, 2005. Thus, a timely filed notice of appeal needed to be filed no later than Monday, April 18, 2005. Fed. R. Civ. P. 6(a); Fed. R. App. P. 26(a).

Under the rules, petitioner could have obtained an extension of the time to file a notice of appeal provided that any such motion is filed within 30 days after the time for filing the notice of appeal. Fed. R. App. P. 4(a)(5)(A); accord Mann, 840 F.2d at 1196. In this case, the final day for filing a motion for extension of time would be 30 days from Monday, April 18, 2005, which was Wednesday, May 18, 2005.

Petitioner's motion for an extension is undated, but the motion to proceed in forma pauperis filed simultaneously is dated May 24, 2005. (D.E. 17, 19). Thus, it is after the period in which a motion for extension of time may be filed. "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time...." Fed. R. App. P. 4(a)(5)(C). Accordingly, it is respectfully recommended that petitioner's motion for an extension of time to file a notice of appeal be denied.

B. <u>Petitioner's Motion To Proceed In Forma Pauperis Should Be Denied</u>

Typically, a party that has been granted the right to proceed <u>in</u> <u>forma</u> <u>pauperis</u> at the district court level is allowed to proceed as such on appeal. Fed. R. App. P. 24(a)(3). If however, a determination is made that the appeal is not taken in good faith, then the right to proceed <u>in forma pauperis</u> should be denied. Fed. R. App. P. 24(a)(3)(A); <u>see also</u> 28 U.S.C. § 1915(a)(3) (" appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith").

In this petition, petitioner alleged that the police did not have probable cause to search his vehicle. Moreover, he alleged that his state trial counsel was ineffective because he failed to seek a suppression of the cocaine evidence on the basis that it was an illegal search. (D.E. 15, at 3). In its order, this Court determined that the petitioner failed to include these challenges in his first state habeas corpus application. <u>Id.</u> at 4. He also failed to explain this failure in this habeas petition. <u>Id.</u> Therefore, the Court determined that "his unexhausted claims of ineffective assistance of counsel and illegal search are barred now from federal review." <u>Id.</u> at 4-5. Consequently, these findings support the position that any appeal would not be taken in good faith.

Additionally, there is the problem of petitioner's untimely filing of a notice of appeal, which cannot now be corrected. This additional factor further supports the position that any appeal would not be taken in good faith.

Accordingly, it is respectfully recommended that the petitioner's motion to proceed <u>in forma pauperis</u> be denied because any appeal would not be taken in good faith.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of petitioner's § 2241

petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, petitioner is not entitled to a certificate of appealability as to his claim.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that petitioner's motion for extension of time to file a notice of appeal be denied.  Additionally, it is respectfully recommended that the petitioner's motion to proceed in forma pauperis be denied because any appeal would not be taken in good faith.

Moreover, the petitioner is not entitled to a certificate of appealability as to his claim, and it is respectfully recommended that the Court not grant a certificate of appealability.

Respectfully submitted this 3rd day of June 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (1996) (en banc).